UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

**SID MEHTA,**

Plaintiff,

v.

**MUSICBREEDS, INC.,**
and
**ISAIAH GRIGG ,** an individual,

Defendants.

---

**COMPLAINT FOR DAMAGES**

Case No. ___1:23-cv-05519___

**JURY TRIAL REQUESTED**

## INTRODUCTION

1. Plaintiff Sid Mehta worked for Defendants for approximately six months, from May 2022 to November 2022.  During this time, Defendants wholly failed to pay him his earned wages for the majority of his time working.

2. To challenge this and other wage violations, Plaintiff brings this action, by and through his attorneys, against Defendants MusicBreeds, Inc., and Isaiah Grigg, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA") and the New York Labor Law (hereinafter, "NYLL"). Plaintiff also brings a separate but related breach of contract claim pursuant to New York State common law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

4. This Court has supplemental jurisdiction over Plaintiff's state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred at the Defendants' business located at 26 Broadway, 8th Fl, New York, NY 10004.

## PARTIES

### Corporate Defendant

6. Defendant MusicBreeds, Inc. is a corporation doing business within New York County and whose principal place of business is located at 26 Broadway, 8th Fl, New York, NY 10004. Its DOS Process agent is listed with the NYS Department of State as "The Corporation", with an address of 80-40 59th Street, Glendale, NY 11385 .

7. At all relevant times, Defendant MusicBreeds, Inc. had annual gross revenues in excess of $500,000.

8. At all relevant times, Defendant MusicBreeds, Inc. was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all times material to this action, Defendant MusicBreeds, Inc. was subject to the FLSA and was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

### Individual Defendant

10. Defendant Isaiah Grigg, an individual, resides at 7 Sunset Drive, Huntington, NY 11743, upon information and belief.

11. Defendant Isaiah Grigg is the founder of Defendant MBI.

12. Defendant Grigg hired Plaintiff and set his rate of pay.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Mehta v. MusicBreeds*
USDC, SDNY

Complaint
Page 2

13. Plaintiff reported to Defendant Grigg; Grigg was Plaintiff's boss.

14. At all times material to this action, Defendant Isaiah Grigg actively participated in the business of the company.

15. At all times material to this action, Defendant Isaiah Grigg exercised substantial control over the functions of the company's employees including Plaintiff.

16. At all times material to this action, Defendant Isaiah Grigg was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

**Plaintiff Sid Mehta**

17. Plaintiff Sid Mehta is a resident of Brooklyn, New York.

18. At all times material to this action, Plaintiff Mehta was an "employee" within the meaning of 29 U.S.C. § 203(e) and NYLL.

19. Sid Mehta worked for MusicBreeds, Inc. ("MBI") for just over six months, from May 2, 2022 to November 9, 2022.

20. Plaintiff's title while working for MBI was Director of Technology.

21. Plaintiff worked on developing the software infrastructure that MBI used to offer its services to the consuming public.

22. To do his work, Plaintiff worked on the internet on a daily or near daily basis. He also used the telephone to talk to individuals out of state on a regular basis.

23. Plaintiff's rate of pay was supposed to be $125,500 per year.

24. Unfortunately, Plaintiff, like others working for MBI, was simply not paid his wages at all for some period of time.

25. MBI at first used excuses such as there being a glitch with the bank but eventually admitted that funding had not come in to the organization as hoped.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

DocuSign Envelope ID: 662D8A40-CAAE-475E-BB5C-29576050BA50

26. Defendant Grigg would frequently make flattering remarks in an effort to make Mr. Mehta feel his work was important, in order to keep him working there.

27. Defendants promised Plaintiff was that for every late paycheck there would be another $5,000 paid in addition.

28. None of the promises ever came to fruition, and eventually after having dipped far into his savings on the expectation that it was a question of "when" rather than "whether" he would be paid, Plaintiff eventually had to move on.

## LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

29. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

*Failure To Pay Minimum Wage*

30. By not paying him at all for a number of workweeks, Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of the FLSA.

*Failure To Pay Time Overtime Properly*

31. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

*Record-Keeping Failures*

32. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

*Willful & Not Based On Good Faith & Entitlement to Damages*

33. Defendants had no good faith basis for believing that their pay practices as alleged above were

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

in compliance with the law.

34. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

35. As a result of the violations by Defendant of the FLSA, the Plaintiff is entitled to all damages available under the FLSA which include, but are not limited to, all unpaid wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

**As And For A Second Cause of Action:**
**NEW YORK LABOR LAW (NYLL) VIOLATIONS**

36. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

37. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### *Failure To Pay Minimum Wage*

38. Defendants failed to pay Plaintiff the minimum wage for all hours he worked, in violation of NYLL § 652.

### *Failure To Pay Overtime*

39. Defendants failed to compensate Plaintiff at a rate of one and one half times his normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### *Failure To Pay Wages At Prescribed Frequency*

40. The timing and frequency of Plaintiff's pay was improper.

41. On at least some occasions, Plaintiff did not receive his paycheck on the prescribed paydays.

42. Plaintiff was a "clerical [or] other worker" as that term is defined in NYLL § 190(7).

43. Plaintiff was not consistently paid on regular paydays designated in advance by the employer

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

44. When Plaintiff was separated from the company, the employer failed to pay the wages owing in his final pay period not later than the regular payday for the pay period during which the separation occurred, in violation of NYLL § 191(3).

### *Failure to Provide Pay Stubs / Wage Notices*

45. Defendant failed to furnish Plaintiff with a "wage notice" containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, in contravention of NYLL § 195(1)(a) and § 198(1)(b)

46. Defendant failed to furnish Plaintiff with "pay stubs," or a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of NYLL § 195(3), § 198(1)(d) and 12 N.Y. Comp. Codes R. & Regs. 142-2.7.

### *Record-Keeping Failures*

47. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

48. At all relevant times, Defendants failed to establish, maintain and preserve for not less than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
*www.andersondodson.com*

*Mehta v. MusicBreeds*
USDC, SDNY

Complaint
Page 6

49. Defendants failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

### *Damages*

50. Due to Defendant's New York Labor Code violations, Plaintiff is entitled to recover his unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### BREACH OF CONTRACT/DETRIMENTAL RELIANCE

51. Plaintiff realleges and incorporates by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

52. Defendants promised to pay Plaintiff an additional $5,000 for every late paycheck, in return for his agreement to continue working for them.

53. Plaintiff continued working for Defendants, despite not being paid.

54. Defendants did not pay Plaintiff the owed wages or the $5,000 per last paycheck.

55. By failing to pay Plaintiff these amounts Defendants breached their contract of employment with Plaintiff.

56. Defendant owes Plaintiff for this breach. See *Sosnowy v. A. Perri Farms, Inc.,* 764 F. Supp. 2d 457, 470 (E.D.N.Y. 2011).

57. Plaintiff relied on Defendants' promises, to his detriment.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

(A)    Award Plaintiff unpaid and underpaid wages due under the FLSA and the New

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

York Labor Law;

(B)     Award Plaintiff liquidated damages in the amount of his unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C)     Award Plaintiff liquidated damages pursuant to NYLL § 663;

(D)     Award Plaintiff interest;

(E)     Award Plaintiff the costs of this action together with reasonable attorneys' fees; and

(F)     Award such other and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this  27th  day of  June  , **2023.**

ANDERSONDODSON, P.C.

s/Penn Dodson

**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

**ANDERSONDODSON, P.C.**
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
*www.andersondodson.com*

*Mehta v. MusicBreeds*
USDC, SDNY

Complaint
Page 8